IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DENNIS L. SANDERS                                              PLAINTIFF

V.                              5:07CV0007 JMM

ARKANSAS STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT;
DEBRA PRUITT; and JAMES HOWARD                     DEFENDANTS

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants filed a motion for summary judgment on May 13, 2009.  Plaintiff did not

respond to the motion.  On June 2, 2009, the Court entered an Order asking the Plaintiff to show

cause why he had not responded to the motion.  The Order directed Plaintiff to respond on or

before June 12, 2009.  The Clerk of the Court mailed a copy of the Order to the Plaintiff on June

2, 2009.  Plaintiff has not responded.  Defendants have also notified the Court that Plaintiff has

failed to respond to their interrogatories and requests for admissions which were served upon

Plaintiff on February 26, 2009.  For these reasons, the Court could dismiss Plaintiff's case

without prejudice for failure to prosecute pursuant to Rule 5.5(c)(2) of the United States District

Court for the Eastern and Western Districts of Arkansas.  After reviewing the Defendant's

motion for summary judgment, however, the Court finds that it should be GRANTED with

prejudice instead.

Plaintiff was terminated by his employer, Arkansas State Highway and Transportation

Department (the "Department"), on June 30, 2006 for failing to report to work and failing to call

in on time.  Plaintiff had been warned both verbally and in writing about his failure to report to

work on time.  (Def.'s Ex. A, Aff. Of Crystal Cole).  He received written reprimands for his

1

failure to timely report to work in January and February, 2006.  (Def's Ex. D and E).  Plaintiff

was aware that his behavior could result in adverse disciplinary action, such as being placed on

leave without pay or being terminated.  (Def.'s Ex. D, E, and G).

After his termination, Plaintiff filed a Charge of Discrimination with the EEOC.  He

received a right to sue letter on October 21, 2006 and filed suit in this Court on January 10, 2007.

Plaintiff claims that the Department discriminated against him on the basis of his race, African

American, in violation of his rights under Title VII, 42 U.S.C. § 1981 and the Arkansas Civil

Rights Act.  In addition to declaratory and injunctive relief, Plaintiff seeks back pay, lost

benefits, prejudgment interest, attorneys' fees and costs.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

<u>Discussion of the Law</u>

In order to establish a prima facie case of race discrimination, Plaintiff must show he (1) was a member of a protected class, (2) was qualified to perform his job, (3) suffered an adverse employment action, and (4) was treated differently from similarly-situated non-class member employees. *Thomas v. Corwin,* 483 F.3d 516, 529-530 (8th Cir. 2007)(citing *Hesse v. Avis Rent A Car Sys., Inc*., 394 F.3d 624, 631 (8th Cir. 2005)).

Because Plaintiff fails to present direct evidence of discrimination, the Court analyzes his claim under the *McDonnell Douglas* analytical framework. First, Plaintiff must establish a prima facie case. Second, if the Plaintiff establishes a prima facie case, the Department must "rebut the presumption of discrimination by producing evidence that the Plaintiff was terminated for a legitimate, nondiscriminatory reason. Third, if the Department carries this burden, Plaintiff is entitled to the opportunity to show that the Department's articulated reason was in fact "not the true

3

reason for the employment decision" and a "pretext for discrimination." *Kim v. Nash Finch Co.,* 123 F.3d 1046, 1056 (8th Cir. 1997)(internal citations omitted). "At the summary judgment stage, under the 1991 amendments to Title VII, the issue is whether the plaintiff has sufficient evidence that unlawful discrimination was a motivating factor in the defendant's adverse employment action. If so, then the presence of additional legitimate motives will not entitle the defendant to summary judgment. *McCullough v. University of Arkansas for Medical Sciences,* 559 F.3d 855, 860-861 (8th Cir. 2009)(internal citations omitted).

The record reflects that Plaintiff was a member of a protected class and he suffered an adverse employment action. He claims in his Complaint that white employees were not terminated for tardiness or failing to call the Department at the appropriate times. However, Plaintiff has not provided any evidence to support these claims. "Such skeletal allegations, unsupported with specific facts or evidence, are insufficient to create a genuine issue of fact so as to preclude granting summary judgment." *Thomas,* 483 F.3d at 531. Plaintiff has failed to present a prima facie case of discrimination.

Even if Plaintiff had presented a prima facie case of race discrimination, the Department has articulated legitimate reasons for Plaintiff's termination, *i.e.*, his failure to timely report for work and to timely notify his supervisors when he will be unable to come to work. As stated, the Department has provided evidence to support its reasons for Plaintiff's termination and the warnings provided to Plaintiff prior to taking any adverse action.

Finally, Plaintiff has not shown that the Department's reasons for terminating him were a pretext for discrimination. Plaintiff has failed to provide any evidence to show that he was discriminated against on the basis of his race other than the allegations contained in his Complaint. Thus, the Defendants are entitled to summary judgment on Plaintiff's race

discrimination claim.

The elements of a Title VII race discrimination claim and intentional employment discrimination on the basis of race under § 1981 and the Arkansas Civil Rights Act are identical. *Nash Finch Co.,* 123 F.3d at 1063; *McCullough,* 559 F.3d at 861.  Therefore, Plaintiff's claim under § 1981 and the ACRA are also dismissed.

In conclusion, Plaintiff has failed to set forth a prima facie case of race discrimination. Defendants' Motion for Summary Judgment (Docket # 49) is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 17th day of June 2009.

_____
James M. Moody
United States District Judge